UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

       - v. -

JAIME ROLANDO ROSENTHAL OLIVA,
YANI BENJAMIN ROSENTHAL HIDALGO,
YANKEL ROSENTHAL COELLO, and
ANDRES ACOSTA GARCIA,

                Defendants.

- - - - - - - - - - - - - - - - - - - X

**ORIGINAL**

**SEALED**
**SUPERSEDING INDICTMENT**

S2 13 Cr. 413 (JGK)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/16/15

**COUNT ONE**

The Grand Jury charges:

1. From at least in or about 2004, up to and including in or about September 2015, in the Southern District of New York, Honduras, and elsewhere, and in an offense begun out of the jurisdiction of any particular State or district, JAIME ROLANDO ROSENTHAL OLIVA, YANI BENJAMIN ROSENTHAL HIDALGO, YANKEL ROSENTHAL COELLO, and ANDRES ACOSTA GARCIA, the defendants, whose joint offender has been first brought to and arrested in the Southern District of New York and whose point of entry into the United States was in the Southern District of New York, and others known and unknown, intentionally and knowingly did combine, conspire, confederate and agree together and with each other, to commit money laundering offenses in violation of Title 18, United States Code, Sections 1956 and 1957.

2. It was a part and an object of the conspiracy that JAIME ROLANDO ROSENTHAL OLIVA, YANI BENJAMIN ROSENTHAL HIDALGO, YANKEL ROSENTHAL COELLO, and ANDRES ACOSTA GARCIA, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity -- to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code, and (ii) offenses against a foreign nation involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by and for the benefit of a public official with respect to financial transactions occurring in whole and in part in the United States -- with the intent to promote the carrying on of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

3. It was further a part and an object of the conspiracy that JAIME ROLANDO ROSENTHAL OLIVA, YANI BENJAMIN ROSENTHAL HIDALGO, YANKEL ROSENTHAL COELLO, and ANDRES ACOSTA GARCIA, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce,

knowing that the property involved in certain financial transactions represented the proceeds of some form of unlawful activity, would and did conduct and attempt to conduct such financial transactions which in fact involved the proceeds of specified unlawful activity -- to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code, and (ii) offenses against a foreign nation involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by and for the benefit of a public official with respect to financial transactions occurring in whole and in part in the United States -- knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of said specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

4.   It was further a part and an object of the conspiracy that JAIME ROLANDO ROSENTHAL OLIVA, YANI BENJAMIN ROSENTHAL HIDALGO, YANKEL ROSENTHAL COELLO, and ANDRES ACOSTA GARCIA, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and

funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, with the intent to promote the carrying on of specified unlawful activity -- to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code, and (ii) offenses against a foreign nation involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by and for the benefit of a public official with respect to financial transactions occurring in whole and in part in the United States -- in violation of Title 18, United States Code, Section 1956(a)(2)(A).

       5.   It was further a part and an object of the conspiracy that JAIME ROLANDO ROSENTHAL OLIVA, YANI BENJAMIN ROSENTHAL HIDALGO, YANKEL ROSENTHAL COELLO, and ANDRES ACOSTA GARCIA, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, would and did transport, transmit, and transfer, and attempt to transport, transmit, and transfer, a monetary instrument and funds from a place in the United States to or through a place outside the United States and to a place in the United States from or through a place outside the United States, knowing that the monetary instrument and funds involved in the

transportation, transmission, and transfer represented the proceeds of some form of unlawful activity and knowing that such transportation, transmission, and transfer was designed in whole or in part to conceal and disguise the nature, the location, the source, the ownership, and the control of the proceeds of specified unlawful activity -- to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code, and (ii) offenses against a foreign nation involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by and for the benefit of a public official with respect to financial transactions occurring in whole and in part in the United States -- in violation of Title 18, United States Code, Section 1956(a)(2)(B)(i).

6.   It was further a part and an object of the conspiracy that JAIME ROLANDO ROSENTHAL OLIVA, YANI BENJAMIN ROSENTHAL HIDALGO, YANKEL ROSENTHAL COELLO, and ANDRES ACOSTA GARCIA, the defendants, and others known and unknown, in an offense involving and affecting interstate and foreign commerce, knowingly would and did engage and attempt to engage in monetary transactions in criminally derived property of a value greater than $10,000, such property having been derived from specified unlawful activity -- to wit, (i) felonious narcotics offenses, in violation of Title 21, United States Code, and (ii) offenses

against a foreign nation involving bribery of a public official and the misappropriation, theft, or embezzlement of public funds by and for the benefit of a public official with respect to financial transactions occurring in whole and in part in the United States -- in violation of Title 18, United States Code, Section 1957.

(Title 18, United States Code, Sections 1956(h) and 3238.)

### FORFEITURE ALLEGATION

7.  As the result of committing the money laundering conspiracy offense charged in Count One of this Indictment, JAIME ROLANDO ROSENTHAL OLIVA, YANI BENJAMIN ROSENTHAL HIDALGO, YANKEL ROSENTHAL COELLO, and ANDRES ACOSTA GARCIA, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real and personal, involved in the offense charged in Count One of this Indictment and all property traceable to such property.

### Substitute Assets Provision

8.  If any of the above-described forfeitable property, as a result of any act or omission of JAIME ROLANDO ROSENTHAL OLIVA, YANI BENJAMIN ROSENTHAL HIDALGO, YANKEL ROSENTHAL COELLO, and ANDRES ACOSTA GARCIA, the defendants:

>   a.  cannot be located upon the exercise of due diligence;

       b.    has been transferred or sold to, or deposited with, a third person;

       c.    has been placed beyond the jurisdiction of the Court;

       d.    has been substantially diminished in value; or

       e.    has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981; and Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
United States Attorney

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

JAIME ROLANDO ROSENTHAL OLIVA,
YANI BENJAMIN ROSENTHAL HIDALGO,
YANKEL ROSENTHAL COELLO,
ANDRES ACOSTA GARCIA,

Defendants.

SUPERSEDING INDICTMENT

S2 13 Cr. 413 (JGK)

(18 U.S.C. §§ 1956 and 3238.)

PREET BHARARA
United States Attorney.

**A TRUE BILL**

Foreperson.

9/16/15 Filed Superseding Indictment
Filed Arrest Warrants
Judge Netburn